Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000502
29-MAY-2015
08:48 AM

NO. CAAP-12-0000502

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FORD MOTOR CREDIT COMPANY, Plaintiff-Appellee,
v.
LUDWIG BAKER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CV. NO. 09-1-1356)


MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Defendant-Appellant Ludwig Baker ("Baker") purchased a new Ford F-350 Pickup Truck through a credit sales contract with the dealer. According to Baker, the truck was defective and a "lemon"; within the first year of purchase, he had to take the truck back to the dealer for repairs on four separate occasions. After a fifth repair attempt proved unsuccessful, Baker "surrendered" the truck by returning it to the dealer. Baker was current on his payments when he surrendered the truck, but thereafter stopped making payments.

Plaintiff-Appellee Ford Motor Credit Company (Ford) subsequently filed a complaint against Baker in the District Court of the Second Circuit (District Court),[1] seeking recovery of payments due under the credit sales contract. Baker denied the allegations of the complaint and filed a counterclaim against Ford, asserting a claim under Hawai'i's "Lemon Law," Hawaii

_____

[1] The Honorable Blaine J. Kobayashi presided over the proceedings relevant this appeal.

Revised Statutes (HRS) Chapter 481I. The District Court granted Ford's motion for summary judgment on Ford's complaint and also granted Ford's motion to dismiss Baker's counterclaim.

Baker, appearing *pro se*, appeals from the Judgment in the total amount of $22,389.44 entered against him by the District Court. On appeal, Baker argues that the District Court erred in: (1) granting Ford's motion for summary judgment on its complaint; (2) granting Ford's motion to dismiss Baker's counterclaim; and (3) denying Baker's motion for leave to amend his counterclaim.

As explained below, we conclude that although Baker's affirmative claim based on Hawai'i's Lemon Law was time barred, Baker was entitled to raise the dealer's alleged breach of warranty for selling him a defective truck as a defense to Ford's action to collect amounts due under the credit sales contract. We affirm the District Court's dismissal of Baker's counterclaim that was based on the Lemon Law because the counterclaim was barred by the Lemon Law's statute of limitations. We vacate the District Court's grant of summary judgment on Ford's complaint because there are genuine issues of material fact regarding Baker's breach of warranty defense. We also direct the District Court to reconsider its denial of Baker's motion to amend his counterclaim to add non-Lemmon Law claims in light of our decision to vacate its grant of summary judgment on Ford's complaint.

BACKGROUND

I.

A.

On January 2, 2006, Baker purchased a new Ford F-350 Pickup Truck from Valley Isle Motors Ltd. (Valley Isle Motors) through a credit sales contract. The purchase price of the truck, including general excise tax, was $47,942.79. Pursuant to the credit sales contract, Baker agreed to pay a total of $67,254.96, consisting of a $4,800 down payment plus 72 monthly

2

payments of $867.43, with the first monthly payment due on February 16, 2006. The credit sales contract was assigned to Ford.

B.

In opposition to Ford's motion for summary judgment on its complaint, Baker submitted evidence through declarations in his affidavit and exhibits of the following. According to Baker, during the first year of ownership, he had to take the truck back to Valley Isle Motors four times due to cranking and starting problems, which prevented the truck from functioning properly in accordance with the manufacturer's express warranty. On his fourth repair visit, Baker informed Valley Isle Motors' employee Peter Darlington (Darlington) that the truck was a "Lemon," but Darlington told Baker that he did not qualify for the "Lemon Law." On his fifth repair visit, Baker hand-delivered to Darlington a letter dated January 30, 2007, written to Ford Motor Company.[2] In the letter, Baker described the problems he had experienced with the truck and stated: "I want my case reviewed for Arbitration as at this point I feel only a new vehicle could restore my confidence in Ford trucks."

On May 5, 2008, Baker "self-surrendered" the truck to Valley Isle Motors "because [Baker] no longer wished to make payments on the defective 'Lemon' vehicle[.]" Vehicle servicing receipts from Valley Isle Motors reflect that Baker's truck had been towed in for repairs on May 11, 2006, June 8, 2006, July 17, 2006, and January 30, 2007, after failing to start; brought in on October 17, 2006, due to difficulty starting; and brought in on May 2, 2008, for a rattling noise in the engine. When Baker "self-surrendered" the truck on May 5, 2008, Valley Isle Motors Service Manager Aaron Serrao gave him a hand-written note which stated that Valley Isle Motors would not charge "storage for [Baker's] vehicle while going thru arbitration." At the time

---

[2] Baker asserted that he mailed this letter to the address for Ford Motor Company contained in the "Lemon Law Handout" he had received, but that this address was "fictitious" and the letter was returned to him.

Baker returned the truck to Valley Isle Motors, he was current on his payments. The truck was subsequently auctioned, but Baker "continued to be billed" for payments due under the credit sales contract.

C.

On May 27, 2009, Ford filed a complaint against Baker alleging that it was the current holder/owner of the credit sales contract and that Baker was in default under the credit sales contract. Ford sought judgment in the principal amount of $21,759.15. This is the amount Ford claimed Baker owed after the proceeds from auctioning the truck were subtracted from the $38,730.20 balance owed under the credit sales contract. Ford obtained multiple extensions to serve its complaint, which was not served on Baker until October 2011, over two years after the complaint was filed. Baker appeared pro se in District Court in response to the complaint and a denial of the complaint was entered.

On November 9, 2011, Baker filed a counterclaim against Ford, asserting a claim under the Lemon Law, HRS Chapter 481I, and citing Lemon Law remedies, including "(1) Provision of a replacement motor vehicle; or (2) Acceptance of the motor vehicle from the consumer, refund of the full purchase price, and all collateral and incidental charges." The counterclaim sought judgment in the amount of $19,950.89, the equivalent of 23 monthly payments under the credit sales contract.

On February 3, 2012, Ford filed a motion for summary judgment on its complaint against Baker. On February 23, 2012, Ford filed a motion to dismiss Baker's counterclaim on grounds which included that the counterclaim was barred by the Lemon Law's statute of limitations.

Baker filed an opposition to Ford's motion for summary judgment, arguing that the motion should be denied because there were genuine issues of material fact to be decided at trial. As noted, Baker submitted his affidavit and exhibits which described the alleged defects and the numerous problems he experienced with

4

the truck. Baker also asserted that the truck qualified as a "[l]emon" under the Lemon Law. In opposing Ford's motion to dismiss his counterclaim, Baker asserted that he was a victim of fraud and that his actions constituted substantial performance of the Lemon Law's requirements.

On March 9, 2012, Baker filed a motion for leave to file a first amended counterclaim to assert counts alleging fraud, deceptive business practices, intentional infliction of emotional distress, and "tortious interference."

On March 12, 2012, the District Court held a hearing on Ford's motions (1) for summary judgment on its complaint and (2) to dismiss Baker's counterclaim.[3] The District Court advised the parties that it had reviewed the written pleadings that had been filed and asked if they had "anything new to add other than what's already been submitted in writing?" The District Court also advised Baker that it would listen to anything new that he wanted to add to his written argument, but that it "has to be new[.]" Baker responded that "[t]here's nothing new at this time." The District Court orally granted Ford's motion for summary judgment on its complaint, and it also granted Ford's motion to dismiss Baker's counterclaim.

On April 2, 2012, the District Court denied Baker's motion for leave to file a first amended counterclaim. On April 18, 2012, the District Court filed its written order granting Ford's motions (1) for summary judgment on its complaint and (2) to dismiss Baker's counterclaim. On that same date, the District Court entered its Judgment in the total amount of $22,389.44 in favor of Ford and against Baker. Baker filed motions for reconsideration of the District Court's decisions to grant Ford's motion for summary judgment and Ford's motion to dismiss Baker's

---

[3] On March 5, 2012, a week before the hearing, Baker filed a motion seeking a 90 day continuance of the hearing in order to obtain counsel. The District Court denied Baker's ex parte motion to shorten time for a hearing on his motion for continuance, and it declined to consider Baker's motion for continuance at the March 12, 2012, hearing.

counterclaim.  The District Court determined that Baker's filing of his notice of appeal divested it of jurisdiction to consider Baker's motions and took no further action on the motions.

DISCUSSION

I.

We first address Baker's argument that the District Court erred in dismissing his counterclaim.  The counterclaim filed by Baker was based on Hawai‘i's Lemon Law.  However, the undisputed facts establish that Baker's counterclaim was not filed within the limitations period set forth in the Lemon Law.  Because Baker's counterclaim was barred by the Lemon Law's statute of limitations, the District Court did not err in dismissing the counterclaim.

HRS § 481I-3(j) (2008), which establishes the limitations period for Lemon Law claims, provides that "[a]ny action brought under this section must be initiated within one year following expiration of the lemon law rights period."  The phrase "lemon law rights period," in turn, is defined as: "the term of the manufacturer's express warranty, the period ending two years after the date of the original delivery of a motor vehicle to a consumer, or the first 24,000 miles of operation, whichever occurs first."  HRS § 481I-2 (2008).

Ford established and Baker agreed that the truck was delivered to Baker in January 2006.  The record shows that Baker's counterclaim was not filed until November 9, 2011.[4]  Ford demonstrated that Baker did not bring an action on his Lemon Law claim "within one year following expiration of the lemon law rights period."  HRS § 481I-3(j).  We conclude that the District Court properly dismissed Baker's counterclaim because it was barred by the statute of limitations.

---

[4] Baker also acknowledges that he did not pursue arbitration of his Lemon Law claim under the State Certified Arbitration Program.  See HRS § 481I-3(i) (2008).

II.

Although Baker's affirmative Lemon Law claim was time barred, we conclude that Baker was entitled to raise Valley Isle Motors' alleged breach of warranty for selling him a defective truck as <u>a defense</u> to Ford's action to collect amounts due under the credit sales contract.  The Lemon Law provides that "[n]othing in this chapter shall in any way limit or expand the rights or remedies which are otherwise available to a consumer under any other law."  HRS § 481I-1 (2008).  Thus, Baker's inability to assert a Lemon Law claim did not prevent him from asserting other defenses to Ford's collection action.

Baker was entitled to assert any defense against Ford that he could have asserted against Valley Isle Motors, the original creditor-seller under the credit sales contract with Baker.  Although the print of the copy of the credit sales contract in the record is extremely small and difficult to read, the credit sales contract appears to state that any holder of the credit sales contract "is subject to all claims and defenses which the debtor could assert against the seller[.]"  In addition, HRS § 476-19(c) (2008) provides, in relevant part: "No rights of action or defense arising out of a credit sale which the buyer has against the seller shall be cut off by assignment[.]"  HRS § 476-19(d) (2008) further provides: "When an assignee asserts the assignee's rights against a buyer, the buyer may assert any available defense against the assignee as if the assignee were the seller."

Baker was entitled to assert as a defense to Ford's collection action that due to the numerous defects in the truck, Valley Isle Motors had breached express or implied warranties.  <u>See</u> HRS §§ 490:2-313, :2-314, :2-315 (2008); <u>Chrysler Credit Corp. v. Copley</u>, 428 S.E.2d 313, 315-16 (W. Va. 1993) (holding that a car buyer could assert that the car was defective as a defense to a suit by an assignee of the credit sales contract to collect the balance owed); <u>Mercedes-Benz Credit Corp. v. Lotito</u>, 703 A.2d 288, 292-94 (N.J. Super. Ct. App. Div. 1997) (holding

that a car lessee may raise a claim of breach of warranty due to defects in the car as a defense in an action to collect payments owed on the car lease). Baker's affidavit and the exhibits he submitted in opposition to Ford's motion for summary judgment were sufficient to raise genuine issues of material fact concerning whether the truck he purchased from Valley Isle Motors was defective and whether Valley Isle Motors had breached expressed or implied warranties. Accordingly, we conclude that the District Court erred in granting summary judgment in favor of Ford on its complaint. We therefore vacate the District Court's Judgment to the extent that it entered judgment in the amount of $22,389.44 in favor of Ford on Ford's complaint.[5]

### III.

The record does not disclose the District Court's basis for denying Baker's motion for leave to amend his counterclaim. The District Court denied this motion after it had already orally granted Ford's motions (1) for summary judgment on its complaint and (2) to dismiss Baker's Lemon Law counterclaim. We vacate the District Court's denial of Baker's motion for leave to amend his counterclaim so that it can consider the motion in light of our decision to vacate the District Court's grant of summary judgment in favor of Ford on Ford's complaint. We express no view on how the District Court should rule in reconsidering Baker's motion for leave to amend his counterclaim.

### CONCLUSION

Based on the foregoing, we: (1) vacate the Judgment to the extent that it entered judgment in favor of Ford on Ford's complaint; (2) affirm the Judgment to the extent that it entered judgment in favor of Ford on Baker's counterclaim, which was

---

[5] Baker argues that the District Court erred in denying his motion to continue the hearing on Ford's motions for summary judgment and to dismiss Baker's counterclaim and in only allowing him to make new arguments not already raised in his pleadings at the hearing. Because we are vacating the District Court's grant of summary judgment on Ford's complaint, Baker's arguments are moot as they relate to Ford's motion for summary judgment. We conclude that Baker's arguments lack merit as they relate to Ford's motion to dismiss Baker's counterclaim.

based on Hawai'i's Lemon Law; (3) vacate the District Court's denial of Baker's motion for leave to amend his counterclaim; and (4) remand the case for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawai'i, May 29, 2015.

On the briefs:

Ludwig Baker
Defendant-Appellant
Pro Se

Marvin S.C. Dang
Jason M. Oliver
(Law Offices of
    Marvin S.C. Dang, LLLC)
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

9